I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ plaintiff
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 2/18/09

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GARBER, | Case No. CV 08-3585-DDP (RNB) |
| Plaintiff, | |
| vs. | ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; AND DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE |
| DAVID M. HEILMAN, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the United States Magistrate Judge with respect to defendants' Motion to Dismiss (the "Motion"). Plaintiff has filed a statement of objections to the Report and Recommendation, along with another request for judicial notice. Having made a <u>de novo</u> determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that:

1. Plaintiff's request that the Court take judicial notice of his own list of encounters with the police (item no. 1) is denied because plaintiff's own characterization of the matters reflected in his chart does not qualify as a matter that

is "not subject to reasonable dispute." See Fed. R. Evid. 201(b). Likewise to the extent that plaintiff is requesting that the Court take judicial notice of the first page of a court filing in Los Angeles Superior Court Case No. S 03-0140 (item no. 2) for the truth of any statements contained therein, plaintiff's request is denied because the truth of such statements does not constitute a matter "not subject to reasonable dispute." See also M/V American Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) (stating the general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"). Further, this document is not relevant to the issue of whether plaintiff's allegations are sufficient to state a claim for relief. For the same reasons, plaintiff's request that the Court take judicial notice of the hearing examiner report (item no. 6) is denied. Likewise, to the extent that plaintiff is requesting that the Court take judicial notice of the records of proceedings in Los Angeles Superior Court Case Nos. 6PN02097, 5PN05498, 6PY07114, 7PY06254, and 6PY07114 (item nos. 3, 5, 7, 8, and 13) for the truth of plaintiff's characterization of those proceedings, plaintiff's request is denied because plaintiff's characterization does not qualify as a matter that is "not subject to reasonable dispute." Nor are any of those documents relevant to the issue of whether plaintiff's allegations are sufficient to state a claim for relief. Plaintiff's request that the Court take judicial notice of what plaintiff has characterized as pages from the L.A. County Consolidated Criminal History System (item no. 4) is denied because the pages are not self-authenticating. Nor is that document relevant to the issue of whether plaintiff's allegations are sufficient to state a claim for relief. Plaintiff's request that the Court take judicial notice of the City Attorney's discovery response to a request for discovery made by plaintiff (item no. 9) is denied because the document is not self-authenticating and the so-called response to discovery is not verified. Nor is that document relevant to the issue of whether plaintiff's allegations are sufficient to state a claim for relief. Plaintiff's

request that the Court take judicial notice of the fact that a citation he had received on June 19, 2007 was "dismissed because mechanical defects cited were corrected and signed off by CHP" (item no. 10), of a Superior Court record indicating that one of his parking violations was reversed on January 14, 2008 (item no. 11), of the records of proceedings in Los Angeles Superior Court Case No. 8PY05650 (item no. 12), of Citation No. 429455 dated July 18, 2008 (item no. 13), of the printout relating to Citation No. 20056 (item no. 14), and of the County of Mental Health letter dated May 15, 2007 (item no. 15) is denied because none of those documents is relevant to the issue of whether plaintiff's allegations are sufficient to state a claim for relief. Finally, to the extent that plaintiff is requesting that the Court take judicial notice of his letter to the Magistrate Judge dated July 31, 2008, which was not accepted for filing pursuant to Local Rule 83-2.11 (item no. 16) and his letter to the Chief of the Office of Public Safety dated September 20, 2008 (item no. 17) for the truth of any of plaintiff's statements contained therein, plaintiff's request is denied because the truth of such statements does not constitute a matter "not subject to reasonable dispute."

    2.    The Motion is granted.

    3.    Plaintiff's federal civil rights claims are dismissed without leave to amend.

    4.    Plaintiff's state law claims are dismissed without leave to amend.

    5.    Judgment be entered dismissing this action.

DATED:   February 13, 2009

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE